# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,

    Plaintiff,

vs.

TCF ENERGY SOLUTIONS, LLC,

    Defendant.

Civil Action File No.:

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

Plaintiff Andrew Perrong (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### Preliminary Statement

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls — 3.7 million complaints in 2019 alone. The States likewise field a

constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff Andrew Perrong ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S.

3. TCF Energy Solutions, LLC ("TCF Energy Solutions") made telemarketing calls to residential numbers listed on the National Do Not Call Registry, like Mr. Perrong's, which is prohibited by the TCPA.

4. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Andrew Perrong is a Pennsylvania resident.

7. Defendant TCF Energy Solutions, LLC is a Georgia limited liability company with its principal place of business at 2870 Peachtree Road, Suite 262, Atlanta, Fulton County, GA, 30305.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. This Court has jurisdiction over the defendant as TCF Energy Solutions resides in this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff came from this District.

**The Telephone Consumer Protection Act**

11.  In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12.  The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

13.  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id*.

14.  The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15. TCF Energy Solutions is a telemarketing company that markets its services to electric generation suppliers who attempt to sell their residential electric services to residents of various states, including Pennsylvania.

16. To generate business for their clients, TCF Energy Solutions relies on telemarketing.

17. Those calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

<u>The Calls to Mr. Perrong</u>

18. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

19. Plaintiff's residential telephone number is (215) 947-XXXX.

20. Mr. Perrong listed that number on the National Do Not Call Registry over one year prior to the calls received and has not removed it from the Registry since that time.

21. The number is not associated with any business.

22. Defendant placed telemarketing calls to Plaintiff's number multiple times on December 1, 2020.

23. The Plaintiff also received a call from the Defendant on December 2, 2020.

24. The calls came from the caller ID 215-449-8822.

25. That same Caller ID has been the subject of telephone complaints about spam calls. *E.g.*, *215-449-8822*, PHONE SPAM REPORT (Dec. 3, 2020), https://phonespam.report/for-215-449-8822.

26. TCF Energy Solutions was not identified through their Caller ID or at the start of the telemarketing call. Instead, it identified itself as calling on behalf of "Park Power".

27. As a result of information obtained from Park Power, the Plaintiff was able to identify TCF Energy Solutions as a vendor it had hired to place the telemarketing calls.

28. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the telemarketing calls and their privacy was improperly invaded. Plaintiff was charged for the calls. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Statement

29. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

30. The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

31. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

32. The Class as defined above are identifiable through phone records and phone number databases.

33. The potential members of the Class number at least in the thousands.

34. Individual joinder of these persons is impracticable.

35. The Plaintiff is a member of the Class.

36. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37. Plaintiff's claims are typical of the claims of members of the Class.

38. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

39. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

40. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

41. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

42. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

43. The Defendant's violations were negligent, willful, or knowing.

44. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

45. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

G. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other

persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

Dated: January 14, 2021

        PLAINTIFF, individually and
        on behalf of others similarly situated,

        By:

        */s/ Steven H. Koval*
        Steven H. Koval
        The Koval Firm, LLC
        Georgia Bar No. 428905
        3575 Piedmont Road
        Building 15, Suite 120
        Atlanta, GA  30305
        Telephone:  (404) 513-6651
        Facsimile: (404) 549-4654
        E-mail: shkoval@aol.com

        Brian K. Murphy (*pro hac vice* to be filed)
        MURRAY MURPHY MOUL + BASIL LLP
        1114 Dublin Road
        Columbus, Ohio 43215
        Telephone: (614) 488-0400
        Facsimile: (614) 488-0401
        Email: murphy@mmmb.com

        Anthony I. Paronich (*pro hac vice* to be filed)
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        [o] (617) 485-0018
        [f] (508) 318-8100
        E-mail: anthony@paronichlaw.com

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1.C & 7.1.D**

Pursuant to L.R. 7.1.D, I certify that this document has been prepared with 14-point, Times New Roman font, approved by the Court in L.R. 5.1.C.

>*/s/ Steven H. Koval*
>The Koval Firm, LLC
>Georgia Bar No. 428905
>3575 Piedmont Road
>Building 15, Suite 120
>Atlanta, GA  30305
>Telephone:  (404) 513-6651
>Facsimile: (404) 549-4654
>E-mail: shkoval@aol.com