**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TCF ENERGY SOLUTIONS, LLC and PARK POWER, LLC<br><br>Defendants. | Case No. 21-cv-246<br><br>CLASS ACTION COMPLAINT |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Andrew Perrong (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**Preliminary Statement**

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in

Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff Andrew Perrong ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S.

3. TCF Energy Solutions, LLC ("TCF Energy Solutions") made telemarketing calls to residential numbers listed on the National Do Not Call Registry, like Mr. Perrong's, which is prohibited by the TCPA.

4. TCF Energy Solutions did so as part of its relationship with Park Power, LLC ("Park Power"), which required TCF Energy Solutions to originate new customers for Park Power.

5. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of

other persons who received illegal telemarketing calls from or on behalf of Defendants.

6. A class action is the best means of obtaining redress for the Defendants' wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7. Plaintiff Andrew Perrong is a Pennsylvania resident, and a resident of this District.

8. Defendant TCF Energy Solutions, LLC is a Georgia limited liability company with its principal place of business at 2870 Peachtree Road, Suite 262, Atlanta, GA, 30305.

9. Defendant Park Power, LLC is a Pennsylvania limited liability company that transacted business in this state by hiring TCF to originate new customers from this state by making outbound calls.

## Jurisdiction & Venue

10. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11. This Court has jurisdiction over TCF Energy Solutions, as TCF resides in this District. This Court has jurisdiction over Park Power because Park

Power contracted with TCF and knew that TCF's conduct originated from this District.

12.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff came from this District.

## The Telephone Consumer Protection Act

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

15.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

17. TCF Energy Solutions is a telemarketing company that markets its services to electric generation suppliers, like Park Power, who attempt to sell their residential electric services to residents of various states, including Pennsylvania.

18. To generate business for their clients, TCF Energy Solutions relies on telemarketing.

19. Those calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

<u>The Calls to Mr. Perrong</u>

20. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff's residential telephone number is (215) 947-XXXX.

22. Mr. Perrong listed that number on the National Do Not Call Registry over one year prior to the calls received and has not removed it from the Registry since that time.

23. The number is not associated with any business.

24. TCF Energy Solutions placed telemarketing calls to Plaintiff's number multiple times on December 1, 2020.

25. The Plaintiff also received a call from TCF Energy Solutions on December 2, 2020.

26. The calls came from the caller ID 215-449-8822.

27. That same Caller ID has been the subject of telephone complaints about spam calls. *E.g.*, *215-449-8822*, PHONE SPAM REPORT (Dec. 3, 2020), https://phonespam.report/for-215-449-8822.

28. TCF Energy Solutions was not identified through their Caller ID or at the start of the telemarketing call. Instead, it identified itself as calling on behalf of "Park Power".

29. As a result of information obtained from Park Power, the Plaintiff was able to identify TCF Energy Solutions as a vendor it had hired which it suspected placed the telemarketing calls.

30. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the telemarketing calls and their privacy was improperly invaded. Plaintiff was charged for the calls. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

**Park Power's Liability for TCF Energy's Conduct**

31. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

32. In fact, the Federal Communication Commission has instructed that sellers such as Park Power may not avoid liability by outsourcing telemarketing to third parties:

> "[A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

33. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be

held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1]

34. The May 2013 FCC Ruling held that, even absent evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

35. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

FCC Rcd at 6592 (¶ 46).

---

[1] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

36. TCF Energy Corporation was hired by Park Power to generate new customers.

37. Park Power accepted the benefits of TCF Energy Corporation's illegal telemarketing by accepting live transfers of leads directly from TCF Energy Corporation despite the fact that those leads were generated through illegal telemarketing, and despite numerous complaints as to TCF's Energy Corporation's conduct.

38. Park Power determined the parameters and qualifications for customers that TCF Energy made telemarketing calls to.

39. First, Park Power restricted the geographic regions that TCF Energy called.

40. Second, Park Power provided other requirements of the parameters of customers they were seeking, such as homeownership and current supplier for electricity.

41. TCF Energy Corporation transferred customer information directly to Park Power's verification systems.  Thus, TCF Energy Corporation had the "ability . . . to enter consumer information into the seller's sales or customer systems," as discussed in the May 2013 FCC Ruling.

42. Park Power controlled TCF Energy's marketing by, *inter alia*, allowing it to access its Third Party Verification system and other internal systems in order to directly sign up customers for Park Power services.

43. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## Class Action Statement

44. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

45. The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from TCF Energy Solutions that promoted Park Power goods or services (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

46. Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

47. The Class as defined above is identifiable through phone records and phone number databases.

48. The potential members of the Class number at least in the thousands.

49. Individual joinder of these persons is impracticable.

50. The Plaintiff is a member of the Class.

51. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;
>
> (b) whether Defendants made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;
>
> (c) whether Park Power is vicariously liable for TCF Energy Solutions conduct;
>
> (d) whether Defendants' conduct constitutes a violation of the TCPA;
>
> (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

52. Plaintiff's claims are typical of the claims of members of the Class.

53. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

55. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

57. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute

numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

58. The Defendants' violations were negligent, willful, or knowing.

59. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

60. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

G. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

Dated: April 9, 2021

PLAINTIFF, individually and
on behalf of others similarly situated,

By:

*/s/ Anthony I. Paronich*
Anthony I. Paronich (*pro hac vice* to be filed)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100

>anthony@paronichlaw.com
>
>Steven H. Koval
>Georgia Bar No. 428905
>3575 Piedmont Road
>Building 15, Suite 120
>Atlanta, GA  30305
>Telephone:  (404) 513-6651
>Facsimile: (404) 549-4654
>shkoval@aol.com

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1.C & 7.1.D

Pursuant to L.R. 7.1.D, I certify that this document has been prepared with 14-point, Times New Roman font, approved by the Court in L.R. 5.1.C.

>*/s/ Anthony I. Paronich*

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Court's CM/ECF system on April 9, 2021.

>*/s/ Anthony I. Paronich*